UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**Julie Ann Vitrano individually and on behalf of all others similar situated,**

                             **Plaintiff,**

    v.

**N.A.R., Inc.**

                             **Defendants.**

No. 18 cv 6754

CLASS ACTION COMPLAINT

Jury Demanded

---

**Class Action Complaint for**
**<u>Violations of the Fair Debt Collection Practices Act</u>**

1. Plaintiff Julie Ann Vitrano ("Plaintiff" or "Vitrano") files this Complaint seeking redress for the illegal practices of Defendant in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

2. Among other violations, Defendants have violated the Plaintiff and the putative class members' rights under the FDCPA by failing to provide them with the notices to which they are entitled by statute; by depriving them of their full ability to resolve their alleged debts.

**Parties**

3. Plaintiff Julie Ann Vitrane is a citizen of New York State who resides within this District.

4. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

5. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was incurred for the acquisition of furniture for her home.

6. Defendants are regularly engaged in the collection of debts allegedly due to others.

7. The principal purpose of the Defendant is the collection of debts.

8. Defendant acquires defaulted debts and attempts to collect the debts for a profit. It is the principal purpose of Defendant to collect defaulted debts.

9. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

**Jurisdiction and Venue**

10. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

13. Venue is also proper in this district since Defendants transact business in this district.

**Factual Allegations**

14. Defendant alleges that Plaintiff owes a debt originally owes a debt for the acquisition of of furniture from a company called Crest Financial Services LLC. (the debt)

15. In an attempt to collect the alleged debt, about January 26, 2018 Defendant sent Plaintiff a debt collection letter. **(Exhibit A)**

16. Exhibit A was the first and only communication received from the Defendant.

17. Exhibit A seeks to collect the debt.

2

18. Exhibit A lists the amount of the outstanding debt as $3,054.12.

19. Exhibit A indicates that "Fees" in the amount of $150.00 have been added to the debt.

20. Exhibit A does not indicate the nature of the "Fees" that were added.

21. Exhibit A does not indicate whether "Fees" will continue to be added.

22. There is no way for the consumer to determine whether the "Fees" were properly added to the account, nor whether they will continue to be added.

23. Exhibit A, also includes a category called "INT" presumably indicating "interest." Exhibit A indicates that 0.00 interest has been added to the debt. On information and belief, this is false in that interest is already added in the $3,054.12 figure Defendant lists.

24. Exhibit A does not outright state whether interest will continue to accrue, but by listing the category "INT" Defendant indicates that it is possible that interest will be added at some point.

25. Exhibit A is false and deceptive in that it is susceptible to two different meanings, one of which is false. It can be read to mean that "Fees" will continue to be added, and it can be read to mean that "Fees" will not continue to be added.

26. In reading Exhibit A, there is no way for the least sophisticated consumer to understand whether "Fees" will continue to be added, because there is no description of what the "Fees" are for.

27. The imposition of "Fees" are also illegal and prohibited by the FDCPA. There is no law that specifically permits "Fees" to be added, and the Plaintiff did not agree to be responsible to pay the ambiguous and ill-defined category of "Fees." And any right to collect "Fees" to which the creditor may have been entitled may have been waived.

28. Exhibit A falsely states that "Fees" may be permissibly added to the Plaintiff's debt.

3

29. Exhibit A is false and deceptive in that it is susceptible to two different meanings, one of which is false. It can be read to mean that interest will continue to be added, and it can be read to mean that interest will not continue to be added.

30. Exhibit A is deceptive, unfair and unconscionable and violates 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, 15 USC 1692f(1), and 15 USC 1692g(a).

*Failure to Name Creditor*

31. Viewed from the perspective of the objective least sophisticated consumer, Exhibit A fails to identify the creditor to whom the alleged debt is owed, as required by 15 USC 1692g and 15 USC 1692e.

32. Exhibit A does not make it clear who is the current creditor.

33. The least sophisticated consumer could read Exhibit A in two different ways, one of which is false.

34. Exhibit A could be read to mean that N.A.R. is the creditor to whom the debt is owed, or Exhibit A could be read to mean that Crest Financial Services, LLC is the creditor to whom the debt is owed.

35. By failing to properly and effectively identify the current creditor, the Defendant violated 15 USC 1692g(a), 15 USS 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), and 15 USC 1692f.

*Class Action Allegations*

36. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

37. A class action is superior for the fair and efficient adjudication of the class members' claims.

38. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

39. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

40. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendants' records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to <u>Exhibit A</u> attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

43. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### **Violations of the Fair Debt Collection Practices Act**

44. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### **Class Allegations Related to Exhibit A**

37. By sending Exhibit A to Plaintiff and the class members, the Defendant violated 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10), 15 USC 1692f, 15 USC 1692f(1), and 15 USC 1692g(a).

38. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

39. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendants are liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendants sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip , New York
      November 27, 2018

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

# EXHIBIT A


Y1FB4275A3
PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

**N.A.R.**
801-236-3744
Toll Free: 1-800-364-6445
(Outside Salt Lake)

January 26, 2018

Reference #: 1647484

0008120024006064310511980061414---Y1FB4275A3
Julie Ann Vitrane
PO Box 614
Yaphank NY 11980-0614



N.A.R.
1600 West 2200 South
STE 410
West Valley City, UT 84119

*** Detach Upper Portion And Return With Payment ***      1343-DNNOAM10-1OS-08/04/17

You are hereby notified the debt you owe to: Crest Financial Services LLC has been placed with N.A.R., Inc. for collections. The outstanding balance on this account is listed below.

Our address is:  N.A.R., 1600 West 2200 South STE 410, West Valley City, UT 84119.

```
Crest Financial Services LLC's Acct #: 1565048-1433425-1  For: FURNITURE LEASE
ACCT #      CLIENT                     AMOUNT      INT      FEES       TOTAL
2749784     Crest Financial Services LL 2904.12    0.00     150.00     3054.12
TOTAL AMOUNT DUE                                                       3054.12
```

Unless you, within thirty (30) days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If you notify us in writing within thirty (30) days after receiving this notice, that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, if one exists, and a copy of such verification or judgment will be mailed to you by our office. If you make a written request within thirty (30) days after the receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Any returned check will be charged the maximum amount allowed by law.

If you would like to make a payment over the phone through our automated system at no additional charge, you can call toll free 1-866-571-9560.  You will need the reference number of 1647484 when you call.

       ***You can pay your bill online!*** Log on to: www.PayNAR.com and enter your online payment code.
              Your online payment code is:  3-2749784-1647484-3054.12

Would you like to communicate with us via email? If so, send a request to: Contact@NAR-Email.com.

Sincerely,
TAYLOR KING
801-236-3744
Reference Number:  1647484

IMPORTANT INFORMATION ON REVERSE SIDE

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE
INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US.

   

$
Account Number          Payment Amount              Expire Date            CVV


Card Holder Name        Signature of Card Holder    Phone Number

PLEASE PROVIDE THE FOLLOWING:

Home Address: _____   Phone Number: _____

Employer Name: _____   Employer Phone: _____

Employer Address: _____

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and misleading debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

New York City Department of Consumer Affairs License Number: 2038291-DCA