UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JULIE ANN VITRANO,

                           Plaintiff,                    **MEMORANDUM**
                                                                **AND ORDER**

                          -against-                               18-CV-6754 (SJ)

N.A.R., INC.,

                           Defendant.
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      The above case has been reassigned to the Brooklyn courthouse and is pending before Judge Johnson and this magistrate judge. Plaintiff has moved to compel the production of an unredacted copy of an exhibit attached to defendant's motion to compel arbitration, which exhibit is the agreement between the defendant debt collector and the original creditor. See Letter Motion to Compel (Mar. 11, 2019) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #10. Defendant objects on the ground that portions of the aforesaid exhibit were redacted "for privacy purposes[,]" as they reflect "compensation information and other proprietary information[.]" Response in Opposition (Mar. 18, 2019) ("Def. Opp.") at 2, DE #11.

      Contrary to the premise of defendant's argument in support of redaction, "New York federal courts generally frown upon the practice of redacting unresponsive or irrelevant information[,]" Johnson v. City of New York, No. 16 CIV. 6426 (KAM) (VMS), 2018 WL 276349, at *3 (E.D.N.Y. Jan. 3, 3018), as such unilateral determinations of relevancy "breed suspicions" and "may deprive the reader of context[,]" id. (internal quotation marks and

citations omitted); see Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (collecting cases); Jewels v. Casner, 12-cv-1895, 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016) (collecting cases). Hence, it is the producing party's burden to establish "good cause" to excise portions of otherwise discoverable materials, such as portions that disclose privileged communications or implicate privacy interests, particularly those of non-parties. See Johnson, 2018 WL 276349, at *3; Jewels, 2016 WL 2962203, at *5, *6-7. In determining whether a producing party has satisfied its burden, courts should consider whether a confidentiality order will obviate the need for redactions. See Christine Asia Co., 327 F.R.D. at 55.

In this case, where plaintiff has offered to enter into a confidentiality agreement, see Pl. Motion at 1, defendant has failed to establish good cause for withholding the redacted information. Indeed, defendant requests, in the alternative, "that the unredacted version be produced pursuant to a Confidentiality Order." Def. Opp. at 2. Therefore, plaintiff's motion to compel is granted, and defendant is directed to produce, by March 29, 2019, an unredacted copy of the agreement, subject to a confidentiality stipulation to be filed with the Court by March 27, 2019.

Plaintiff's letter-motion additionally requests an extension of time to oppose defendant's pending motion to compel arbitration, until seven days after receiving an unredacted version of the document at issue. See Pl. Motion at 1. Defendant's March 18th letter-response is silent on this request. Plaintiff's motion for an extension is granted in substantial part: plaintiff's

opposition to the motion to compel arbitration (which must comply with Judge Johnson's Individual Rules) must be served by April 3, 2019; defendant's reply is due by April 10, 2019.

**SO ORDERED.**

Dated: Brooklyn, New York
March 22, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**